**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **IN RE** | : | |
| | : | **CHAPTER 7** |
| **MATTHEW DEBELLA** | : | **CASE NO. 18-21066(JJT)** |
| | : | |
| **DEBTOR** | : | **April 4, 2019** |

**APPLICATION BY TRUSTEE TO EMPLOY AND APPOINT JON L. SCHOENHORN & ASSOCIATES, LLC AS SPECIAL COUNSEL TO THE ESTATE**

The application of Anthony S. Novak, Chapter 7 Trustee, pursuant to 11 U.S.C. Section 327, respectfully represents:

1. Applicant is the duly qualified Trustee in this case.

2. On June 28, 2018, Matthew DeBella ("Debtor") filed for bankruptcy under Chapter 7 of the Bankruptcy Code.

3. The Trustee reviewed the Debtor's schedules and accompanying documentation and on August 8, 2018, the Trustee conducted the 341 Meeting of Creditors wherein, based on the Debtor's schedules and testimony, the Trustee concluded that there would be no funds available for unsecured creditors and filed a No Asset Report on or about August 8, 2018. The case was closed by the Clerk's Office on October 18, 2018.

4. The Trustee has recently discovered that an undisclosed asset of the Debtor may be recoverable and have value to this Debtor's estate which consists of a pre-petition civil action pending in the United States District Court against various police officers of the City of Hartford entitled Matthew DeBella v. Valdemar B. Duarte et al, Docket No. 17-

CV-01560(JAM) which was filed on September 18, 2017. This is a civil action brought pursuant to 42 U.S.C. §§ 1983 and 1988 against five named municipal police officers of the City of Hartford, Connecticut. Among other issues, the complaint alleges that on December 28, 2016, the Defendants violated the Plaintiff's Fourth Amendment Right to be free from unreasonable seizure through the use of excessive force after he was questioned and pulled from his vehicle, assaulted and deprived of his civil rights.

5. Debtor's counsel filed a Motion to Reopen the case on November 30, 2018 and said case was reopened pursuant to an Order Reopening Case dated December 19, 2018 and Anthony S. Novak was subsequently reappointed Chapter 7 Trustee.

6. It is necessary that your applicant employ an attorney in connection with this case to represent the estate in the pre-petition civil rights claims of the Debtor and now property of the bankruptcy estate.

7. Attorney Jon L. Schoenhorn of Jon L. Schoenhorn & Associates, LLC is an attorney duly admitted to practice before the State and Federal Courts in Connecticut, and is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, and is qualified to act as attorney in this matter, and represents no interest adverse to the Estate other than Attorney Schoenhorn represented the Debtor pre-petition in the Debtor's claims against the various police officers and the pending District Court case.

8. An original pre-petition retainer letter was entered into between the Debtor and Jon L. Schoenhorn & Associates, LLC . However, the Trustee intends to rely on the Court Order authorizing employment and not on a pre-petition or post-petition retainer

letter.

9. The Trustee believes that the appointment of Jon L. Schoenhorn & Associates, LLC is in the best interests of this estate as Attorney Schoenhorn is already familiar with the facts of this case and the issues of law.

10. Compensation for said services in regard to the Chapter 7 estate would be a contingency fee of 33-1/3 percent plus costs and disbursements and will be presented to the Court in an application requesting approval of such fee. If no funds are recovered, special counsel will not be entitled to a fee compensation for said services.

11. Detailed time and expense records will be included with this application for fees, even those based on a one-third contingency.

WHEREFORE, Applicant prays that he be authorized to employ Attorney Jon L. Schoenhorn of Jon L. Schoenhorn & Associates, LLC to represent this estate in the pending District Court matter upon the terms set forth above, and that he have such other and further relief as is just.

ANTHONY S. NOVAK, TRUSTEE

*/s/ Anthony S. Novak*
Anthony S. Novak
Fed. Bar #ct09074
Chapter 7 Trustee
280 Adams Street
Manchester, CT 06042-1975
Tel: 860-432-7710
Email: anthonysnovak@aol.com

**Jon L. Schoenhorn & Associates, LLC** — **Attorneys At Law**
108 Oak Street
Hartford, Connecticut 06106-1514
Telephone: (860) 278-3500
Telefax: (860) 278-6393

## CIVIL RIGHTS FEE AGREEMENT - CONTINGENCY

The client, Matthew DeBella , of Windsor, CT retains Attorney Jon L. Schoenhorn & Associates, LLC (hereinafter "Attorneys") and any attorneys they may associate with to provide legal services in pursuit of a claim arising out of an injury suffered on or about 12/28/2016 caused by excessive force by Hartford Police officers Gagnon, Montrose, Duarte, Stroud and possibly others. The attorneys agree to provide such services faithfully and with due diligence.

Because of the uncertainty of civil rights litigation, the client understands and agrees to pay a nonrefundable retainer of $ 7,500.00 which has been paid. Any further compensation will be on terms set forth on this agreement. Any further compensation for legal services is to be paid only upon the contingency that the client receives an amount in recovery or settlement from any or all the defendants. Such fees will be awarded at the attorneys regular contemporaneous hourly rates. Costs of litigation are independent and must be paid by client.

The minimum fee shall be 40% of the amount of any recovery or settlement. The percentage is to apply to the full amount of the recovery or settlement before deducting disbursements. The client shall in any event be liable to the attorneys for all reasonable expenses and disbursements, whatever the outcome. In this regard, client agrees to pay $500.00 for anticipated costs and expenses. These funds will be maintained in the attorneys' client escrow account, and expended as needed.

Attorney Jon L. Schoenhorn has represented to the client, and the client understands, that due to the great uncertainties of civil rights litigation, the prospects of recovering a contingency fee would not be sufficient to induce him to handle this matter without the additional possibility of recovering a reasonable fee for the time he expends under 42 U.S.C. §1988. **Matthew DeBella** agrees that if this matter proceeds to trial and a judgment is obtained in favor of the client, the attorneys will petition the court for a separate award of attorneys' fees at standard, prevalent hourly rates. In the event the matter is settled by agreement with the defendant, the attorney shall endeavor to negotiate separately an amount for attorneys' fees. In the event that fees are awarded by the court, or agreed to as part of a settlement, to be paid by any defendant, all of such fees shall be paid directly to the attorney and shall belong to him. All sums so received shall be credited against the minimum fee and the attorney shall receive from the client only such additional sums as may exceed the minimum fee. The amount of court awarded or agreed upon fees to be paid by the defendants shall only be included as part of the recovery or settlement for purposes of calculating the contingency fee, if 40% of the total exceeds the total amount of fees separately awarded. In the event the fees paid by the defendants exceed the contingency fee, the entire amount so awarded shall belong to the attorneys. The attorneys represent that they will use their best efforts and skills but that no specific promise of an outcome has been or can be promised.

The attorney and the client recognize the possibility that a defendant may offer to settle the claim by paying compensation to the client while insisting on a waiver of any separate claim for attorney's fees. If, in order to negotiate a settlement of the case with a defendant, the client wishes to reduce or eliminate the attorney's fees to be paid by the defendant, the client may do so. However, in that event the client will then be responsible for paying the greater of either the contingency fee or the attorneys' fees which might have been awarded under 42 U.S.C. §1988, computed by multiplying the reasonable amount of hours spent by each attorney, paralegal and law student who worked on the case by the market rate for that person's services at the time of the settlement, with no reductions or enhancements.

I HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT AND HAVE RECEIVED A COPY OF THIS AGREEMENT AT HARTFORD, CONNECTICUT.

Matthew DeBella

**Jon L. Schoenhorn & Associates, LLC**
108 Oak Street
Hartford, Connecticut 06106-1514

**Attorneys At Law**
Telephone: (860) 278-3500
Telefax: (860) 278-6393

## AUTHORIZATION AND RETAINER AGREEMENT - PAGE TWO

**WITHDRAWAL OF ATTORNEYS FROM REPRESENTATION**: The attorney(s) may withdraw at any time as permitted under the Lawyers Rules of Professional Conduct for the State of Connecticut. The circumstances under which the Rules permit such withdrawal include, but are not limited to, the following: (a) Court Order (b) the Client consents, or (c) the Client's conduct renders it unreasonably difficult for the attorney(s) to carry out the employment effectively. Notwithstanding the attorney(s) withdrawal from representation, the Client will be obligated to pay the attorney(s) reasonable attorney's fees for all services provided, and to reimburse the attorney(s) for all costs advanced before said withdrawal.

**FILE RETENTION AND DESTRUCTION**: At the conclusion of this matter, the attorney(s) will retain the Client's legal files for a period of seven (7) years. At the expiration of the 7-year period, the attorney(s) will destroy the Client files unless the Client notifies the attorney(s) in writing that he/she wishes to take possession of them. Legal research and attorney work-product materials will not be disclosed in any event. The attorney(s) reserve the right to charge administrative fees and costs associated with researching, retrieving, copying and delivering such files, and to receive payment before any files are released.

**COLLECTION COSTS AND FEE DISPUTE**: The client also acknowledges that if any of the fees and costs incurred under their Retainer Agreement are not paid the attorney(s) reserve the right to seek interest at the rate of 10% per annum, plus attorney fees and costs, as the reasonable expense for collection. Either party may demand that disputes over the terms of their Authorization and Retainer Agreement, be resolved through arbitration.

Dated this 13 day of July, 2017.

Matthew DeBella

For Jon L. Schoenhorn & Associates

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **IN RE** | : | |
| | : | **CHAPTER 7** |
| **MATTHEW DEBELLA** | : | **CASE NO. 18-21066(JJT)** |
| | : | |
| **DEBTOR** | : | |

**AFFIDAVIT OF PROPOSED ATTORNEY**

STATE OF CONNECTICUT )
) ss: HARTFORD
COUNTY OF HARTFORD )

I, Jon L. Schoenhorn, hereby make solemn oath:

1. I am an attorney and counselor-at-law, duly admitted to practice in the State of Connecticut.

2. I am over eighteen (18) years of age and believe in the obligations of an oath.

3. I maintain an office for the practice of law at Jon L. Schoenhorn & Associates, LLC, 108 Oak Street, Hartford, CT 06106-1514.

4. I presently have in effect Lawyer's Professional Liability insurance through Kinsale Insurance Company, policy #0100056970-0. The policy has limits of liability of $1 Million/$1 Million and I will maintain lawyer's professional liability coverage during the pendency of my appointment.

5. I have no connection with Matthew DeBella, the above-named Debtor, his creditors or any other party in interest herein or its representative attorneys except for this



case in which I represented the Debtor in a civil rights claims pending in the United States District Court pre-petition.

6. I do not represent or hold any interest adverse to the Debtor or to the Bankruptcy Estate of Matthew DeBella upon the matters upon which I am proposed to be engaged, and I am a disinterested person within the meaning of 11 U.S.C. Sec. 101(14), except that I represented the Debtor in a pre-petition claim filed in the United States District Court entitled Matthew DeBella v. Valdemar R. Duarte et al, Civil Action No. 3:17-cv-01560(JAM).

7. Compensation for said services upon which I am proposed to be engaged regarding this potential action would be a contingency fee of 33-1/3 percent plus costs and disbursements. Detailed time and expense records would be included with this application for fees, even those based on a one-third contingency.

8. I acknowledge that I have no authority to settle any litigation for the bankruptcy estate and that any settlement proposal must be presented, through the bankruptcy estate trustee, to the Bankruptcy Court and is not settled until the Bankruptcy Court enters an Order approving the settlement.

9. I acknowledge that upon the receipt of proceeds from either a judgment or settlement I have no authority to either disburse or retain those proceeds but must immediately (no longer than the second business day after receipt) turn the entire proceeds

over to the bankruptcy estate trustee.

10. I acknowledge that I have no authority to and agree not to issue any 'letters of protection' in connection with any litigation where I represent the bankruptcy estate, and I agree to contact, in writing, any persons where I may have previously issued a 'letter of protection' and advise that person or persons that the earlier 'letter of protection' no longer has any validity since the filing of the Debtor's bankruptcy petition.

Jon L. Schoenhorn, Esq.

Subscribed and sworn to before me this 4th day of April, 2019.

Commissioner of the Superior Court/Notary Public
Kristen Thompson
My comm. exp. 3/31/2022

KRISTEN THOMPSON NOTARY PUBLIC CONNECTICUT

KINSALE INSURANCE COMPANY
2221 Edward Holland Drive, Suite 600
Richmond, Virginia 23230

# LAWYERS' PROFESSIONAL LIABILITY DECLARATIONS

Policy Number: 0100056970-1
Producer Number: 18703
Name and Address: Chamber Insurance Agency Services
200 Corporate Place, Suite 220
Rocky Hill, CT 06067

| | |
|---|---|
| NAMED INSURED: | Jon L Schoenhorn and Associates LLC |
| MAILING ADDRESS: | 108 Oak Street<br>Hartford, CT 06106 |
| POLICY PERIOD: | FROM 10/24/2018 TO 10/24/2019 at 12:01 AM at the address of the named insured as shown above. |

| RETROACTIVE DATE | |
|---|---|
| Retroactive Date: | 10/24/2017 at 12:01 AM at the address of the named insured as shown above. |

| LIMITS OF INSURANCE | |
|---|---|
| Each Claim | $1,000,000 |
| Aggregate Limit | $1,000,000 |

| DEDUCTIBLE(S) | |
|---|---|
| Each Claim | $10,000 |

| PREMIUM AND COMPANY FEES | |
|---|---|
| **Premium:** | $5,500 |
| **Company Fee:** | $100 |
| **Total (of Premium and Company Fee):** | $5,600 |

| OPTIONAL EXTENDED REPORTING PERIOD | |
|---|---|
| Period (in Months) | Percentage of Policy Premium |
| 12 | 100% |
| 24 | 150% |
| 36 | 175% |
| See SECTION IX of the policy for details. | |

| FORMS AND ENDORSEMENTS |
|---|
| Refer to ADF4001, SCHEDULE OF FORMS |

NOTICE: THIS IS A SURPLUS LINES POLICY AND IS NOT PROTECTED BY THE CONNECTICUT INSURANCE GUARANTY ASSOCIATION OR SUBJECT TO APPROVAL BY THE CONNECTICUT INSURANCE DEPARTMENT. IT IS IMPORTANT THAT YOU READ AND UNDERSTAND THIS POLICY.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **IN RE** | : | |
| | : | **CHAPTER 7** |
| **MATTHEW DEBELLA** | : | **CASE NO. 18-21066(JJT)** |
| | : | |
| **DEBTOR** | : | **RE: DOC ID #___** |

**PROPOSED ORDER AUTHORIZING TRUSTEE TO EMPLOY JON L. SCHOENHORN & ASSOCIATES, LLC AS SPECIAL COUNSEL TO THE ESTATE**

Upon consideration of the application of Anthony S. Novak, Trustee, for authority to employ Jon L. Schoenhorn & Associates, LLC to serve as Special Counsel in connection with a certain action pending in the United States District Court entitled Matthew DeBella v. Valdemar B. Durante, et al, Docket No. 17-CV-01560(JAM), and the proposed affidavit of Attorney Jon L. Schoenhorn and it appearing that he is admitted to practice in the State and Federal Courts, that he represents no interest adverse to this Estate other than Attorney Schoenhorn represented the Debtor Matthew DeBella in this District Court civil rights action pre-petition, that his employment is necessary and is in the best interests of the Estate, and no adverse interest appearing, it is

ORDERED that Anthony S. Novak, Trustee, be and is hereby authorized to employ Jon L. Schoenhorn & Associates, LLC to represent the estate in the civil rights claim of the Debtor with legal compensation to be contingency based on a 33-1/3 percent of recovery, plus reimbursement of costs and disbursements, subject to the approval of the Bankruptcy Court, with payment only upon proper application to the Court pursuant to 11 U.S.C. §§ 330, 331.